IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| PAUL D. TIMMS, Institutional ID No. 1564883, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:20-CV-067-M-BQ |
| CHRISTIAN DOUTHIT, M.D., | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

### I.  Background

Pursuant to Special Order No. 3-251, this case has been automatically referred to the undersigned United States Magistrate Judge. Pro se Plaintiff Paul D. Timms has filed a request to proceed *in forma pauperis* (IFP) in the above-styled case. ECF No. 2. After reviewing Timms's request and supplemental documentation (ECF Nos. 2, 10, 11), the undersigned makes the following findings and conclusions and recommends that his application to proceed IFP be denied.

### II.  Discussion

Proceeding IFP in a civil case is a privilege, not a right. *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (quoting *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). Whether to permit or deny an application to proceed IFP is within the sound discretion of the court, and in reviewing the application, the court may evaluate all financial resources available to an applicant. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (upholding the district court's rejection of a motion to

1

proceed *in forma pauperis* and noting that the district court has discretion to consider the applicant's expenses and income in making such a determination). The court may consider the total monetary resources available to assist the applicant, including a spouse's income, in making this determination. *See id.* (holding that Section 1915(a) provides access to federal courts for plaintiffs "who lack the financial resources" to pay filing costs). A court may also review and consider whether plaintiff's expenses are discretionary or mandatory. *Id.*

Initially, the undersigned notes that Timms has been unable, thus far, to provide all of the itemized receipts the Court previously ordered him to produce, advising the Court that the process may take an additional four to six weeks. *See* ECF Nos. 7, 10, 11. Nevertheless, the undersigned believes the Court has sufficient information before it to properly resolve Timms's request.

Timms filed this action on March 27, 2020. ECF No. 1. According to Timms's IFP application, he "occasionally" receives money from family and friends, and states that the "amount [is] differ[ent] from person to person." ECF No. 2, at 1. In a later affidavit, Timms indicates that the majority of his money comes from his wife's inheritance, and that this income is based on the price of oil. ECF No. 10, at 1. Timms attached to his application a copy of his inmate trust fund account, which provides a six-month history of Timms's balances and deposits. ECF No. 2, at 3. The trust fund account shows that, on March 20, 2020, one week prior to filing this action, his account balance was $225.69. *Id.* It further states that in the preceding six months, $1,048.64 was deposited into his account. *Id.* Notably, between January 20 and February 20, 2020, Timms deposited $492.72 into his account. *Id.* The Court does not have itemized receipts for the period immediately preceding Timms's filing of this action—the receipts he has provided thus far are dated December 20, 2019. *Id.* at 4–5. These receipts,

2

however, show that Timms primarily spends his money on snacks/condiments and small miscellaneous items, e.g., $95.25, and lesser amounts on telephone time, e.g., $40. *Id.*

While Timms did not have, at the time he filed this action, adequate funds to pay the filing fee, the undersigned notes that Timms (1) receives regular income, (2) had over $1,000.00 in his account in the six months prior to filing, and (3) had almost $500.00 deposited into his account roughly two months prior to bringing his claims. The receipts and/or records before the Court show that most of Timms's expenditures do not involve necessities, but rather discretionary items such as snack foods and, to a lesser degree, telephone time. Because Timms has or had the financial resources available to pay the $400.00 filing fee, the Court should deny Timms's application to proceed IFP.

### III.   Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court **DENY** Timm's IFP application. The undersigned further recommends that Timms be ordered to pay the $400.00 filing fee within twenty-one days from the date of the order denying his IFP request.

### IV.   Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that

merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: May 8, 2020

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE