IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| PAUL D. TIMMS, § | |
| Institutional ID No. 1564883, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:20-CV-067-M-BQ |
| § | |
| CHRISTIAN DOUTHIT, M.D., § | |
| § | |
| Defendant. § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff Paul D. Timms's Application to Proceed *In Forma Pauperis* (IFP). ECF No. 2. The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) regarding Timms's Application. ECF No. 12. Timms filed objections on June 1, 2020. ECF No. 13. The District Court has made a de novo review of the relevant portions of the Magistrate Judge's FCR. For the reasons stated below, the objections are overruled, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and **DENIES** Timms's Application to Proceed IFP.

In this action, Timms seeks injunctive relief to "have my knee fixed [and force] immediate medical attention to this injury." Compl. 4, ECF No. 1.[1] Timms names only one Defendant: Dr. Christian Douthit of the Texas Tech University Health Sciences Center. *Id.* at 3. According to Timms, Dr. Douthit determined in May 2019 that Timms's ACL and PCL would not be repaired, and that he would instead control Timms's symptoms by steroid injections ("which are now being refused"), oral medication ("which does not help"), and bracing, until age 55 when Timms would

---

[1] Page citations to Timms's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

1

be eligible for knee replacement. *Id*. at 4; *see* Objs. 2–3, ECF No. 13. Timms alleges his knee "continues to buckle" and that he experiences pain so severe he has "had suicidal thoughts." Compl. 4.

The United States Magistrate Judge recommended that Timms's Application for IFP be denied after finding that Timms (1) deposited $1,048.64 into his account in the six months preceding the filing of his Complaint, including a deposit of $492.72 between January 20 and February 20, 2020, and (2) had a balance of $225.69 on March 20, 2020—one week before he filed his Complaint. ECF No. 12, at 2. The Magistrate Judge further noted that Timms "primarily spends his money on snacks/condiments and small miscellaneous items, e.g., $95.25, and lesser amounts on telephone time, e.g., $40." *Id.* at 3. Timms, however, did not object to either of these findings. *See* Objs. 2.

Timms instead objects to the Magistrate Judge's FCR on the basis that he could not file his Complaint any sooner, i.e., when he did have sufficient funds in his account. *Id.* Specifically, Timms states that on February 28, 2020, medical staff at the Texas Department of Criminal Justice's James V. Allred Unit (Allred Unit) made the decision to discontinue the steroid injections prescribed by Dr. Douthit because they "were not good for his knee." *Id*. at 3. Timms's objections rely primarily on the notion that Dr. Douthit "misled" or "lied to" him regarding the treatment of his knee and that such misrepresentation precluded an earlier filing. *Id.* Timms asserts that he would have filed his Complaint sooner—and paid the filing fee using the funds available to him— had he known about the nature of his treatment. *Id.* Timms further objects to the Magistrate Judge's finding that Timms receives regular income, asserting that the source of Timms's financial assistance—his wife's inheritance, which derives income based on the price of oil—is unlikely to provide any meaningful revenue in the immediate future. *Id.* at 2.

2

Timms's objections are unsustainable for three reasons. First, the events giving rise to the actual claim set forth in Timms's Complaint extend well beyond those narrowly identified in his objections (which occurred between February and March) and upon which he relies to justify not paying the filing fee. As such, the amount of money actually available to Timms for paying the requisite fee—more than $1,000 in his trust account, after Dr. Douthit informed him of the treatment plan—justifies denial of IFP status. By all indications Timms is suing Dr. Douthit, the only defendant named in his Complaint, to force him to perform knee replacement surgery and provide "immediate medical attention" to his knee. Compl. 4. Timms explains that he did not file his Complaint sooner because, until February 28, 2020, he believed he would continue to receive steroid injections that would relieve the pain in his right knee.[2] Objs. 3. But Timms's explanation goes to the actions of the Allred Unit medical staff (*id.*), not Dr. Douthit's May 2019 decision to delay knee replacement surgery, which is the basis for Timms's Complaint. Compl. 4. The record undisputedly shows Timms had over $1,000 available during this time that he could have used to pay the filing fee for his claim against Dr. Douthit.

Timms's effort to shift his claim from faulting Dr. Douthit's initial treatment decision to apparently claiming Dr. Douthit misled him, i.e., he would not have opted for the injections had he known they would not continue and that they were potentially harmful to his knee, still focuses on Dr. Douthit's earlier actions and is similarly unavailing. Moreover, information provided by Timms himself provides no basis to find that Dr. Douthit caused the injections to be discontinued—instead, Timms's own objections indicate that the Allred Unit staff made the

---

[2] Timms does not, however, explain why he waited a month to file his Complaint after learning that he would not be given further steroid injections.

decision, not Dr. Douthit.³ Objs. 3. In addition, documents appended to Timms's Complaint show that Dr. Douthit warned Timms of risks associated with the injections. Compl. 10. As such, the record demonstrates that Dr. Douthit neither misled nor lied to Timms—reasons proffered by Timms for explaining why he waited to file his Complaint—because Dr. Douthit (1) intended that the injections continue and (2) warned Timms of risks associated with such treatment.

Second, even if the Court considered the time frame proffered by Timms—and which involves potential claims against defendants not named—Timms nevertheless had sufficient funds in the period immediately prior to filing his Complaint, when he admits his symptoms began to return, to pay the filing fee. *See* Objs. 3 (stating that Timms began experiencing knee "tightness" in December 2019 and "pain" in January 2020, and that the Allred Unit medical staff denied his request for an injection on February 28, 2020). Timms deposited $492.72 into his account sometime between January 20 and February 20, 2020 (*see* ECF No. 10, at 3), and he had a remaining balance of $225.69 on March 20, 2020. *See* ECF No. 2, at 3. Where such money is admittedly spent on "snacks/condiments and small miscellaneous . . . items . . . and . . . telephone time" (Objs. 2), the availability of almost $500 in such close proximity to the filing of his Complaint justifies denial of IFP status, particularly where Timms admits his symptoms began to return in December, January, and February. *Id.* at 3; *see Lumbert v. Ill. Dep't of Corrs.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

---

³ Timms's Complaint includes treatment notes from his visit with Dr. Douthit. These notes show that Dr. Douthit apparently intended for the injections to be an ongoing treatment, as they state that he would "attempt to control symptoms with oral medications, bracing and steroid injections." Compl. 11.

Finally, Timms's explanation that he is unlikely to receive income for the foreseeable future (Objs. 2) provides no basis for rejecting the FCR.  The FCR is based on Timms's financial condition prior to filing his Complaint—subsequent developments negatively impacting his financial condition have no bearing on his IFP status before March 27, 2020.

Proceeding IFP in a civil case is a privilege, not a right.  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (quoting *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).  Whether to permit or deny an application to proceed IFP is within the sound discretion of the court, and in reviewing the application, the court may evaluate all financial resources available to an applicant.  *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (upholding the district court's rejection of a motion to proceed *in forma pauperis* and noting that the district court has discretion to consider the applicant's expenses and income in making such a determination).  As discussed above, the record shows that Timms had adequate funds to pay the filing fee in the months following Dr. Douthit's treatment decision and even during the latter months immediately preceding the filing of his Complaint, when he alleges he began to experience new symptoms.  Timms's explanation for why he did not file his Complaint sooner is unavailing because it focuses on the actions and decisions of persons not named as Defendants to this action, and ignores funds available for paying the fee during that time.  Accordingly, the Court overrules Timms's objections and **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

The Court hereby **DENIES** Timms's Application for Leave to Proceed *In Forma Pauperis*.  ECF No. 2.  The Court **ORDERS** Timms to pay the $400 filing fee ***within thirty (30) days*** of the date of this Order.  Failure by Timms to pay the filing fee will result in the dismissal of his action without prejudice under Federal Rule of Civil Procedure 41(b).

**SO ORDERED**, this 22nd day of June, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE