IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| PAUL D. TIMMS,<br>Institutional ID No. 1564883, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:20-CV-067-M-BQ |
| CHRISTIAN DOUTHIT, M.D., | § § § | |
| Defendant. | § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Under *Special Order No. 3-251*, this case was automatically referred to the undersigned United States Magistrate Judge for pretrial management, including preliminary screening under the Prison Litigation Reform Act (PLRA). ECF No. 6. Because pro se Plaintiff Paul D. Timms has not paid the filing fee, thereby failing to comply with Court orders and prosecute his case, the undersigned recommends that the United States District Judge dismiss this action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### I.   Background

On March 27, 2020, Timms filed a civil rights complaint under 42 U.S.C. § 1983 and sought leave to proceed *in forma pauperis* (IFP). ECF Nos. 1, 2, 10. Upon review of Timms's IFP application and supporting documentation, the undersigned recommended that the United States District Judge deny Timms's request to proceed IFP. ECF No. 12. Over Timms's objection, the district judge accepted the undersigned's findings, conclusions, and recommendation and denied Timms's motion. ECF Nos. 13, 14. The Court directed Timms to pay the filing fee within thirty days and advised Timms that his failure to do so would result in dismissal of this action

under Fed. R. Civ. P. 41(b). ECF No. 14. Instead of paying the filing fee, Timms appealed the denial of his IFP motion on July 14, 2020. ECF No. 15.

On November 4, 2022, the United States Court of Appeals for the Fifth Circuit affirmed this Court's denial of Timms's motion to proceed IFP. ECF Nos. 23, 24. Thereafter, the undersigned entered a notice of deficiency, ordering Timms to pay the filing fee required to proceed before this Court within fourteen days. ECF No. 25. In doing so, the Court again admonished Timms that his failure to pay the filing fee would result in dismissal of the Complaint. *Id.* Yet, Timms did not pay the fee. The undersigned then entered a second deficiency order, requiring Timms to comply with Court orders and pay the filing fee no later than January 9, 2023. ECF No. 26. Despite the Court's final warning that his failure to pay the fee would result in dismissal (*id.*), as of the date of this recommendation, Timms has not paid the $402 filing fee. In this posture, the Court can only conclude that Timms no longer wishes to pursue his claims.

## II. **Legal Standard**

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630). A plaintiff's failure to follow a court's orders concerning payment of the filing fee or an application for IFP status is grounds for dismissal. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (affirming dismissal of prisoner's complaint after he refused to follow district court's orders requiring submission of documents allowing the court to determine whether prisoner's IFP application had been filed in good faith).

Courts may dismiss a case under Rule 41(b) with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). Where the court dismisses a case without prejudice, "but the applicable statute of limitations probably bars future litigation," the dismissal is effectively with prejudice. *Nottingham*, 837 F.3d at 441 (citation omitted). Courts must therefore apply a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations. *See id.* Dismissals with prejudice for failure to prosecute are appropriate only "where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Id.* (internal quotation marks and citation omitted). "A [plaintiff's] delay meriting a Rule 41(b) dismissal with prejudice 'must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'" *Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)). On the other hand, contumacious conduct is defined as "the stubborn resistance to authority." *McNeal*, 842 F.2d at 792 (citation omitted).

And "[e]ven when th[e foregoing] standard is met, there should usually be at least one 'aggravating factor.'" *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008) (per curiam). The three aggravating factors consist of the following: "(1) the delay was caused by the plaintiff, as opposed to [his] attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct." *Id.* at 404–05.

### III. Discussion

#### A. Timms has failed to comply with Court orders.

As noted above, the Court has instructed Timms on two separate occasions in the last 60 days to pay the filing fee required to proceed with this action. Timms's failure to comply, however,

thwarts the Court's ability to review the case. In this circumstance a court is basically at the mercy of a litigant who refuses to comply with basic requirements despite explicit warnings that the failure to do so would result in dismissal. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

This Court has previously dismissed other prisoners' claims for failing to pay the required filing fee. *See, e.g., Goodwin v. Dall. Cnty. Jail*, No. 3:19-CV-1191-S-BH, 2019 WL 4918860, at *1 (N.D. Tex. Aug. 26, 2019) (recommending Rule 41(b) dismissal 60 days after "plaintiff failed to comply with the order that he pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case"), *R. & R. adopted by* 2019 WL 4918251 (N.D. Tex. Oct. 3, 2019); *Woodards v. Traurig*, No. 3:11–CV–2678–L–BH, 2011 WL 6934966, at *1 (N.D. Tex. Nov. 22, 2011) (recommending dismissal because plaintiff had sufficient financial resources to pay the filing fee but she failed to follow a court order issued one month earlier directing her to do so), *R. & R. adopted by* 2011 WL 6934965 (N.D. Tex. Dec. 30, 2011); *Hodge v. Texas*, No. 3:02–CV–0802–H, 2002 WL 2030868, at *1 (N.D. Tex. Sept. 3, 2002) (dismissing complaint because prisoner failed to show he was entitled to proceed IFP and did not pay the filing fee as ordered); *Franks v. D.F. Fondren*, No. 3:02–CV–1067–H, 2002 WL 1968212, at *1 (N.D. Tex. Aug. 19, 2002) (adopting recommendation that action be dismissed because district court denied prisoner's IFP application and he failed to respond to a court order requiring him to pay the filing fee).

"Indeed, the case cannot proceed absent" payment of the filing fee. *Fields v. Dall. ISD*, No. 3:21-CV-1756-K-BK, 2021 WL 5927741, at *2 (N.D. Tex. Nov. 30, 2021), *R. & R. adopted by* 2021 WL 5923424 (N.D. Tex. Dec. 15, 2021); *accord Pickens v. Dretke*, No. 9:10cv98, 2011

WL 846845, at *2 (E.D. Tex. Mar. 8, 2011) (noting that "inmates are obligated to pay the full filing fee for a complaint, and this obligation arises at the moment that the lawsuit is filed"); *Montfort v. State Bar of Tex.*, No. 3:08–CV–0514–G, 2008 WL 2389809, at *1 (N.D. Tex. June 11, 2008) ("Plaintiff has not paid the statutory filing fee . . . . Until he does so, this litigation cannot proceed."); *Jeffery v. Rinrobson*, No. 3:01–CV–2610–D, 2002 WL 731812, at *1 (N.D. Tex. Apr. 23, 2002) ("In the absence of prepayment of the required filing fee" or grant of pauper status "an action cannot proceed in federal court."); *see also Fleetwood v. McMahon*, No. 1:19-CV-675-RP, 2019 WL 6311372, at *2 (W.D. Tex. Nov. 25, 2019) ("A plaintiff's failure to pay a filing fee, or secure pauper status, within a reasonable time or in bad faith, may constitute an independent ground for dismissing a case." (alterations, internal quotation marks, and citation omitted)). Thus, Timms's failure to pay the fee and comply with Court orders necessitates dismissal of this action.

### B. Dismissal is warranted even if the statute of limitations will bar the refiling of Timms's claims.

Although a dismissal under Rule 41(b) is generally without prejudice, it appears that dismissing this lawsuit could effectively be a dismissal with prejudice because the statute of limitations will prevent Timms from refiling his claims.[1] Both elements for dismissal with prejudice are met.

The Court finds that there is a clear record of contumacious conduct. As set forth above, this action was originally filed nearly three years ago. *See* ECF No. 1 (Complaint docketed Mar. 27, 2020). During that time, Timms has repeatedly been denied the right to proceed IFP in this action and instructed that he must pay the filing fee if he wishes to proceed with his claims. *See*

---

[1] The events of which Timms complains occurred in December 2018. ECF No. 1. Generally, a plaintiff in Texas has two years from the date he learns of facts giving rise to his § 1983 claims to pursue the claims in federal court. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Meyer v. Coffey*, 231 F. Supp. 3d 137, 145–46 (N.D. Tex. 2017).

5

ECF Nos. 12 (magistrate judge recommending denial of IFP application), 14 (district judge denying IFP application and ordering Timms to pay filing fee within 30 days), 24 (court of appeals affirming district court's denial of IFP status), 25 (order requiring payment of the filing fee within 14 days), 26 (order requiring payment of the filing fee within 10 days). Timms has had ample time and opportunity to comply with the Court's multiple orders requiring him to satisfy one of the most basic aspects of initiating suit—paying the filing fee—but he has not done so. Neither has Timms indicated an intent to comply by either requesting an extension of time or otherwise responding to the Court's recent deficiency orders.

The foregoing reflects a clear record of "stubborn resistance to authority." *McNeal*, 842 F.2d at 792 ("[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice."); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 558 (5th Cir. Unit A Oct. 1981) (defining contumacious conduct as including "intentional delay or willful misconduct"); *see Boone v. McKee*, No. 5:22-CV-31, 2023 WL 407377, at *4 (S.D. Tex. Jan. 3, 2023) (finding contumacy where plaintiff ignored court orders requiring plaintiff to either pay the filing fee or file the necessary documentation to proceed IFP), *R. & R. adopted by* 2023 WL 417424 (S.D. Tex. Jan. 25, 2023); *Breshell v. Lynn*, No. 3:22-CV-1733-S-BK, 2022 WL 18494830, at *1–2 (N.D. Tex. Dec. 21, 2022) (finding "a clear record of purposeful delay or contumacious conduct" where plaintiff failed to comply with two deficiency orders requiring her "to either pay the filing fee or submit a completed IFP application"), *R. & R. adopted by* 2023 WL 1071656 (N.D. Tex. Jan. 27, 2023); *Fleetwood*, 2019 WL 6311372, at *2 (concluding that plaintiff could "be said to have acted in a contumacious fashion" because he demonstrated an "understanding that payment of the filing fee is indeed required" but had "not

paid the filing fee or filed an IFP motion for over four months"); *Mendiola v. Cameron Cnty. Dist. Atty.'s Off.*, No. B–16–7, 2016 WL 7852527, at *5 (S.D. Tex. Dec. 6, 2016) (noting "a clear record of delay" where prisoner was denied IFP status and did not pay the filing fee despite having "almost 10 months to pay"), *R. & R. adopted by* 2017 WL 238905 (S.D. Tex. Jan. 18, 2017); *Sanchez v. Stephens*, No. B: 15-155, 2016 WL 3981373, at *6 (S.D. Tex. June 29, 2016) (finding "clear record of delay" where plaintiff "had almost six months to pay the filing fee, but . . . failed to do so"), *R. & R. adopted by* 2016 WL 3982523 (S.D. Tex. July 22, 2016).

Moreover, the Court finds lesser sanctions would not serve the best interest of justice. "Lesser sanctions include 'assessments of fines, costs, or damages against the plaintiff . . . , conditional dismissal, . . . and explicit warnings.'" *Lewis v. Sheriff's Dep't Bossier Par.*, 478 F. App'x 809, 818 (5th Cir. 2012) (per curiam) (first alteration in original) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). The Court has already tried lesser sanctions. It has expressly warned Timms on several occasions that his refusal to pay the filing fee would result in dismissal. ECF Nos. 7, 14, 25, 26. Indeed, the undersigned's most recent deficiency orders directly cautioned Timms that his failure to comply within the required timeframe would result in a recommendation that the Complaint be dismissed "without further notice." ECF Nos. 25, 26. The record clearly demonstrates that Timms is aware of the payment obligation and what it means for his case. *See* ECF Nos. 13 (Objections to the Findings, Conclusions, and Recommendations of the United States Magistrate Judge), 15 (Notice of Appeal), 15-1 (Plaintiff's Affidavit in Support of Notice to Appeal), 21 (Appellate Brief); *see also* ECF No. 21 (stating that he no longer wished to pursue his appeal and therefore asking the Court to apply the $505 filing fee he paid to proceed on appeal in the Fifth Circuit to this lawsuit). Yet, Timms has ignored the Court's express warnings and has declined to respond. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021)

("The broad rule is that a district court may dismiss a claim on its own motion as long as the procedure employed is fair. More specifically, fairness in this context requires both notice of the court's intention and an opportunity to respond before dismissing *sua sponte* with prejudice." (internal quotation marks and citations omitted)); *Dunn v. Hernandez*, No. 3:18-CV-2300-B-BK, 2019 WL 885098, at *1 (N.D. Tex. Jan. 29, 2019) (observing that plaintiff's filing showed he was "well aware of his obligation" to pay the filing fee or submit an IFP motion), *R. & R. adopted by* 2019 WL 859426 (N.D. Tex. Feb. 21, 2019). Courts in comparable circumstances have similarly concluded that lesser sanctions would not induce a prompt response.[2] *See, e.g., Boone*, 2023 WL 407377, at *4; *Breshell*, 2022 WL 18494830, at *2; *Fields*, 2021 WL 5927741, at *2; *Dunn*, 2019 WL 885098, at *1; *Mendiola*, 2016 WL 7852527, at *5–6; *Sanchez*, 2016 WL 3981373, at *6.

Not only have both elements for dismissal with prejudice been met, but at least two aggravating factors are present. Because Timms is proceeding pro se, his "recalcitrance is attributable to [him] alone." *Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019), *appeal dismissed*, 847 F. App'x 219 (5th Cir. 2021); *see Brown v. Werner Holdings Co.*, No. 5-18-CV-00977-FB-RBF, 2019 WL 2515313, at *3 (W.D. Tex. June 18, 2019) ("Because [plaintiff] is proceeding pro se, any delay here is attributable to him, not an attorney."), *R. & R. adopted by* 2019 WL 4061690 (W.D. Tex. July 29, 2019); *Mosquera v. Hininger*, No. B-17-7, 2019 WL 1259153, at *4 (S.D. Tex. Feb. 21, 2019) ("Throughout this case, [plaintiff] has represented

---

[2] Moreover, these findings, conclusions, and recommendation afford Timms (1) additional time to comply with the Court's orders and (2) an opportunity to file objections and explain why this case should not be dismissed for the reasons set forth herein. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998); *Wilkins v. Duncanville Indep. Sch. Dist.*, No. 3:22-cv-1015-S-BN, 2022 WL 3969999, at *4 (N.D. Tex. Aug. 10, 2022), *R. & R. adopted by* 2022 WL 3995471 (N.D. Tex. Aug. 30, 2022).

8

himself pro se, so all of the delay is attributable to him."), *R. & R. adopted by* 2019 WL 1261956 (S.D. Tex. Mar. 19, 2019).

Second, the Court finds that there exists prejudice to the party named in Timms's Complaint because more than four years have lapsed since the events of which Timms complains. *See* ECF No. 1. "Delay alone can result in prejudice if the statute of limitations has run" because "evidence deteriorates or disappears, memories fade, and witnesses die or move away." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (alteration omitted) (quoting *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 478 (5th Cir. 1981)). Because Timms's delay has prevented the Court from performing screening under the PLRA, Defendant has not yet received notice of the allegations against him. *See* ECF No. 7, at 2 ("Service of process shall be withheld pending judicial screening pursuant to 28 U.S.C. § 1915(e)(2)."). The Fifth Circuit has recognized that pre-service delays are more significant because "if the statute [of limitations] has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim." *Sealed Appellant*, 452 F.3d at 418; *accord Veazey*, 644 F.2d at 478 ("A delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process.").

In sum, Timms has demonstrated a clear resistance to the Court's directives to pay the required filing fee—a decision solely attributable to him—coupled with apparent indifference to lesser sanctions. Such conduct necessitates dismissal.

### IV. Recommendation

Because Timms has violated this Court's orders and failed to pay the required filing fee, the undersigned recommends that the United States District Judge dismiss this action without prejudice under Fed. R. Civ. P. 41(b).

In the alternative, should the United States District Judge find it appropriate to afford one final attempt at a lesser sanction, the Court can dismiss this case without prejudice under Rule 41(b), with the statute of limitations suspended for a period of sixty (60) days following the date of entry of final judgment in this case. *See Vizcayno v. Burton*, No. 6:20cv465, 2021 WL 3203444, at *1 (E.D. Tex. Apr. 30, 2021) (construing *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 680 (5th Cir. 1988) and *Rodriguez v. Holmes*, 963 F.2d 799, 805 (5th Cir. 1992)), *R. & R. adopted by* 2021 WL 3190637 (E.D. Tex. July 28, 2021).

### V. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: February 7, 2023.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE